UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANHATTAN HOSIERY COMPANY, INC., *Plaintiff*, v. METRO-GOLDWYN-MAYER STUDIOS INC., *Defendant.* | Civil Action No: 1:22-cv-00652 (DLC) |

**STIPULATED
CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

**Denise L. Cote, U.S.D.J.:**

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order –including without limitation the Parties to this action (including their respective corporate parents,

successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt.

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Confidential –Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The person producing any Confidential Discovery Material ("Producing Party") may designate portions of such Confidential Discovery Material as "Confidential - Attorneys' Eyes Only" if such Confidential Discovery Material consists of competitively sensitive information that could have significant commercial value to another party, could harm the business interests of the producing person by the disclosure to another party, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. The parties have agreed that documents and deposition transcript sections regarding sales and profits may be marked "Confidential –Attorneys' Eyes Only".

3. The Producing Party may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

   (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   (b) previously non-disclosed material relating to ownership or control of any

non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information this Court subsequently affords confidential status.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Confidential –Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential –Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Confidential –Attorneys' Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" and or "Confidential –Attorneys' Eyes Only", if applicable; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," or "Confidential –Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.

During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential –Attorneys' Eyes Only.

    6.    If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Confidential –Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Confidential –Attorneys' Eyes Only.

    7.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

    8.    Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)    the Parties to this action, their insurers, and counsel to their insurers;

    (b)    outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (d)    any mediator or arbitrator that the Parties engage in this matter or that this

    Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)  any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)  stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)  this Court, including any appellate court, its support personnel, and court reporters.

9.  Where a Producing Party has designated Discovery Material as Confidential –Attorneys Eyes Only, other persons subject to this Order may disclose such information only to the persons referred to in subparagraphs 8(b)-(e), (g)-(i) and up to two (2) designated in-house counsel for each of the parties, provided in-house counsel executes a Non-Disclosure Agreement in the form annexed as an Exhibit hereto. The parties may also mutually agree in writing to provide access to any Confidential Discovery Material to other persons.

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8 (f) or (g), counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must produce a copy of it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Further, before disclosing any Confidential Discovery Material to any expert or person referred to in subparagraphs 8(g), counsel must produce to opposing counsel (i) each signed Non-Disclosure Agreement, (ii) the full name of the consultant or expert and state of his or her residence; (iii) a current curriculum vitae of the consultant or expert; (iv) the name of the consultant's or expert's current employer; and (v) disclosure of any legal action or proceeding (by name and number of the case and court) in connection with which the consultant or expert was retained or testified at trial or by deposition during the past four years, at least seven (7) days before access to the other Party's Confidential Discovery Material is given to that consultant. Within that seven (7) day time period, the Producing Party may object to the disclosed expert, and the Parties agree to confer within five (5) days after any objection is raised and use good faith to resolve any objection. If the Parties are unable to resolve any objection, the objecting Party may, within fifteen (15) days of the notice, or within such other time as the Parties may agree, seek resolution of the dispute with this Court. The objecting Party bears the burden of establishing that the Confidential Discovery Material should not be disclosed to the disclosed expert.

11. Nothing herein is meant to abrogate or change paragraph 8 of this Court's Individual Practices regarding filing documents under seal.

12. The Court also retains discretion whether to afford confidential treatment

to any Discovery Material designated as Confidential or Confidential –Attorneys' Eyes Only and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Confidential –Attorneys' Eyes Only.

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices.

14. If the Parties have a disagreement on the designation of any document or transcript portion as "Confidential –Attorneys' Eyes Only" and cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices.

15. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having

jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action —including all appeals —all recipients of Confidential Discovery Material must either return it —including all copies thereof —to the Producing Party, or destroy such material —including all copies thereof. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to

Case 1:22-cv-00658-DLC Document 36 Filed 11/21/22 Page 9 of 10

the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

/Max Moskowitz/

Dated: November 18, 2022

Max Moskowitz
Ariel S. Peikes
OSTROLENK FABER LLP
845 Third Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 596-0500
Fax: (212) 382-0888
*Attorneys for Plaintiff*
*Manhattan Hosiery Company, Inc.*

/Paul Bost/

Dated: November 18, 2022

Jill M. Pietrini (admitted *pro hac vice*)
Paul A. Bost (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: (310) 228-3700
Fax: (310) 228-3701
*Attorneys for Defendant*
*Metro-Goldwyn-Mayer Studios, Inc.*

SO ORDERED.

_____
Denise L. Cote
United States District Judge

11/21/22

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANHATTAN HOSIERY COMPANY, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>METRO-GOLDWYN-MAYER STUDIOS INC.<br><br>*Defendant.* | Civil Action No: 1:22-cv-00652 (DLC)<br><br>**NON-DISCLOSURE<br>AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated:

SMRH:4864-1849-2991.1


