UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
                                    :          22cv652 (DLC)
MANHATTAN HOSIERY COMPANY, INC.,    :
                                    :
                       Plaintiff,   :     MEMORANDUM OPINION AND
          -v-                       :             ORDER
                                    :
METRO-GOLDWYN-MAYER STUDIES INC.,   :
                                    :
                       Defendant.   :
                                    :
----------------------------------- X

APPEARANCES:

For the plaintiff:
Ostrolenk Faber, LLP
Max Moskowitz
Ariel S. Peikes
845 Third Avenue, 8th Floor
New York, NY 10022

For the defendant:
Sheppard, Mullin, Richter & Hampton LLP
Theodore Conrad Max
Jill M. Pietrini
Paul Alexander Bost
30 Rockefeller Plaza
New York, NY 10112
-and-
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067

DENISE COTE, District Judge:

     Manhattan Hosiery Company, Inc. ("Manhattan Hosiery")

brings this declaratory judgment action against Metro-Goldwyn-

Mayer Studios, Inc. ("MGM").  Manhattan Hosiery seeks a

declaratory judgment that it did not infringe upon MGM's

trademark and did not unfairly compete with MGM.  MGM moved to

dismiss the complaint or, in the alternative, transfer venue to
the Central District of California.  For the reasons given
below, MGM's motions are denied.

### Background

Manhattan Hosiery sells clothing and ships its goods
throughout the United States.  Although named Manhattan Hosiery,
its offices are in Brooklyn, New York.  Among its products are
goods sold under the trademark ROCKY, rendered as:



Manhattan Hosiery has used this trademark since 1984, and the
trademark has been registered since 2014.  After it failed to
file a statement of continued use for the trademark, the U.S.
Patent and Trademark Office declared the registration abandoned
as of July 23, 2021.  Two days later, Manhattan Hosiery re-filed
to register the trademark.

MGM is the studio that owns rights in the <u>Rocky</u> films
featuring the character Rocky Balboa.  MGM is headquartered in
Beverly Hills, California.  On September 17, 2021, MGM sent a
letter to Manhattan Hosiery asserting that Manhattan Hosiery had
infringed upon six of MGM's registered trademarks containing the
word "Rocky."  The letter asked for a response by September 27
and stated that absent a response, "we will advise MGM to seek
all remedies available to it to preclude registration of the

Application and use of ROCKY & Design."  MGM sent another letter
on November 3 that similarly stated that if it did not receive a
response by November 10, "MGM will assume . . . that MGM should
seek all remedies available to it for Manhattan Hosiery's
unlawful acts."  Beginning on November 4, the parties engaged
settlement discussions.  As those discussions were ongoing,
Manhattan Hosiery filed this action on January 25, 2022.  MGM
moved to dismiss the complaint and moved to transfer the case on
June 27.  The motions became fully submitted on August 1.

## Discussion

MGM asks this Court to exercise its discretion under the
Declaratory Judgment Act, 28 U.S.C. § 2201(a), to dismiss this
action as improper forum shopping, or alternatively, to transfer
this action to its home district, the Central District of
California.  The motion to dismiss will be addressed first.

A first-filed action may be dismissed as "an improper
anticipatory declaratory judgment action."  Emps. Ins. of Wausau
v. Fox Ent. Grp., Inc., 522 F.3d 271, 275 (2d Cir. 2008).  "[I]n
order for a declaratory judgment action to be anticipatory, it
must be filed in response to a direct threat of litigation that
gives specific warnings as to deadlines and subsequent legal
action."  Id. at 276.  A first-filed action may also be
dismissed "where forum shopping alone motivated the choice of
the situs for the first suit."  Id. (emphasis supplied)

3

(citation omitted).  To make a showing of improper forum shopping, "the first-filing plaintiff must engage in some manipulative or deceptive behavior, or the ties between the litigation and the first forum must be so tenuous or de minimis that a full 'balance of convenience' analysis would not be necessary to determine that the second forum is more appropriate than the first."  Id.

MGM's motion to dismiss is denied.  MGM has failed to show that this lawsuit is an improper anticipatory declaratory judgment action.  When Manhattan Hosiery filed this action, it did not do so under the direct threat of impending litigation.

None of MGM's counsel's letters constitutes such a direct threat.  Conveying an intention to pursue "all available remedies" is not a specific warning.  Nor has MGM shown that Manhattan Hosiery engaged in improper forum shopping.  Manhattan Hosiery is located in New York, and it is unsurprising that litigation in a forum nearby would be less expensive and burdensome to Manhattan Hosiery.

MGM argues that Manhattan Hosiery knew that MGM would bring its own suit in the Central District of California.  That is assumed to be so for the purposes of this motion.  Nonetheless, MGM has not pointed to a letter or notice constituting a direct threat of litigation at the time this action was filed.

The motion to transfer must also be denied.  Section 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The statute, therefore, sets out a two-step inquiry.  The movant must first establish that the proposed transferee district is a district in which the action "might have been brought."  Only after this prerequisite is established are considerations of convenience and the interests of justice balanced.  Courts consider both private and public interest factors, including

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

Corley v. United States, 11 F.4th 79, 89 (2d Cir. 2021) (citation omitted).  The "administrative difficulties flowing from court congestion," "the local interest in having localized controversies decided at home," and "all other practical problems that make trial of a case easy, expeditious and inexpensive" may also be considered.  Atlantic Marine Constr. Co., Inc. v. U.S. District Court for the W. Dist. of Tex., 571 U.S. 49, 62 n.6 (2013).  The movant bears the burden of establishing, by clear and convincing evidence, that transfer is

warranted.  N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,
599 F.3d 102, 113-14 (2d Cir. 2010).

While this action may have been brought in the MGM's
preferred venue, the Central District of California, and could
be transferred there, the plaintiff's choice is forum is "given
great weight" here.  D.H. Blair & Co., Inc. v. Gottdiener, 462
F.3d 95, 107 (2d Cir. 2006).  Manhattan Hosiery is located in
New York.  Its choice of forum weighs strongly against
transferring venue.  Because the plaintiff did not engage in
improper forum shopping, MGM's argument that the plaintiff's
choice of forum should not be given deference fails.

Taken together, the remaining private and public interest
factors do not favor transfer.  Indeed, MGM concedes that the
locus of operative facts and the relative means of the parties
factors are at most neutral.  Its arguments that the other
factors favor transfer are unavailing.

As to the factors relating to documents and witnesses, MGM
argues that these factors favor transfer because two party
witnesses, three third-party witnesses, and the documents
relating to its Rocky trademarks are in California.  Manhattan
Hosiery responds that its documents and fact witnesses are
likely in or around New York City.  The fact that some evidence
and witnesses may be in California is insufficient for MGM to
establish that those factors favor transfer.

MGM also argues that the Central District of California is more familiar with the governing law because MGM's claims present questions under California state law in addition to federal law, although it has not identified which state law claims it intended or intends to bring.  Presently, the only claims in this action are based on federal trademark law, with which both this district and the Central District of California are familiar.  Even assuming that MGM will bring counterclaims based on California law, this is not enough to favor transfer to the Central District of California.  This factor is therefore neutral.

Lastly, as to the trial efficiency factor, MGM argues that transfer to the Central District of California is warranted because the Southern District of New York has a heavier caseload -- about 5,000 more cases -- than the Central District of California.  This factor is neutral.  There is no ground to believe the litigation of this dispute will be delayed in this district.  An initial conference scheduling order was issued within days of the action being filed.  The parties are pursuing discovery with a motion for summary judgment or pretrial order due April 14, 2023.

On balance, the factors weigh against transferring venue to the Central District of California.  Therefore, the motion to transfer venue is denied.

## Conclusion

MGM's June 27 motion to dismiss and motion to transfer venue are denied.

Dated:     New York, New York
           December 12, 2022

_____
                         DENISE COTE
              United States District Judge